**Nancy Beth JACKSON, Appellant,**

v.

**AMERICAN UNIVERSITY,
IN CAIRO, Appellee.**

No. 01–5311.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 13, 2002.

Before RANDOLPH and GARLAND,
Circuit Judges, and WILLIAMS, Senior
Circuit Judge.

*JUDGMENT*

Consolidated with 01–7170

This cause was considered on the record from the United States District Court for the District of Columbia, on the briefs filed by the parties, and on the oral arguments of counsel. It is

Ordered and Adjudged that the judgment of the district court be affirmed.

Appellants, plaintiffs Nancy Jackson and Beverly Jensen, each sued appellee, the American University in Cairo, for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, breach of their employment contracts, and detrimental reliance on the university's commitments regarding plaintiffs' employment. The University, which is in no way affiliated with American University located in Washington D.C., filed a motion to dismiss on the grounds of *forum non conveniens,* and the judge granted the motion. Plaintiffs appeal this judgment.

The standard for *forum non conveniens* is well-known. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 255–61, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). A court first determines whether there is an adequate alternative forum and, if so, then proceeds to balance both private interest factors and public interest factors in favor of the respective forums. *See id.* at 241, 102 S.Ct. 252. The district court cited *Pain v. United Techs, Corp.,* part of our case law prior to *Piper Aircraft,* which indicated that *only* if the private interests were "in equipoise or near equipoise" should the court proceed to consider the public interest factors, 637 F.2d 775, 784–85 (D.C.Cir.1980). This analysis is not correct in light of *Piper.* Clearly a strong tilt of the private factors *in favor of* dismissal should lead the court on to address the public interest factors. *See Piper,* 454 U.S. at 242–44, 257–61, 102 S.Ct. 252. Piper also indicates that either private interest factors or public interest factors may be cause for dismissal. *Id. Piper* quotes *Koster v. Lumbermens Mutual Casualty Co.* as stating that dismissal is appropriate if there is an

adequate alternative forum and "trial in the chosen forum would 'establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience,' *or* when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.' " *Id.* at 241, 102 S.Ct. 252 (emphasis added, ellipses in original) (quoting *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *see also Friends for All Children, Inc. v. Lockheed Aircraft Corp.,* 717 F.2d 602, 608–09 (D.C.Cir.1983) (considering both public and private interest factors despite the fact that private factors "strongly favor[ed]" not dismissing). The first part of the language in *Piper* seems to encompass the private interest factors while the second part encompasses the public interest factors. The fact that they are joined by an "or" indicates that either part might be enough to warrant dismissal. Even though the district court used the equipoise language, it did not err because it considered both the private and public interest factors.

Plaintiffs question before us the conclusion that Egypt is an adequate forum, but in the district court they offered no evidence to rebut the university's affidavit from an Egyptian attorney regarding the adequacy of the forum.

Plaintiffs failed to raise below its present argument in favor of transferring the case to the Southern District of New York under § 1404(a), so we must reject the argument on appeal.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or rehearing en banc. *See* Fed. R.App. P. 41(b), D.C. Circ. Rule 41.